Case 2:22-mj-01233   Document 10   Filed on 11/28/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:22-MJ-01233 |
| | § | |
| CURTIS LEE BAKER | § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Court finds that detention of defendant Curtis Lee Baker pending trial in this case is appropriate: there is no condition or combination of conditions that would reasonably assure both the appearance of Defendant as required and the safety of any other person and the community.

The Bail Reform Act provides that, if the judicial officer determines that a Defendant's release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the Defendant's pretrial release subject to certain specified conditions. *See* 18 U.S.C. § 3142(c)(1). If the judicial officer determines, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1).

In this case, Defendant is charged with a serious offense under 18 U.S.C. § 922(g)(1). The Court finds that detention of Defendant pending trial is appropriate.

The Court adopts the factual information in the Pretrial Services Report, and also considered the information contained in the criminal complaint. The Court received testimony

from Task Force Officer Lance Rathge.  The Court also considered a factual proffer from counsel for Defendant, as well as documentary evidence submitted by counsel for Defendant.  The Court finds that the evidence against Defendant in this serious criminal case is strong.  In this case, Defendant is charged with being a felon in possession of a firearm.  He waived his right to a preliminary hearing.

Defendant is a United States citizen with lengthy ties to the George West area in South Texas.  He is a self-employed plumber, and the documentary evidence indicated that Defendant has been working regularly at his plumbing business.  There was conflicting information about whether Defendant has a drug problem: his attorney contended that Defendant has a methamphetamine addiction, and used that assertion to seek a bond with a condition of inpatient drug treatment.  Defendant, however, told the Pretrial Services Office that he had used only alcohol, cannabinoids, and cocaine (which he stated he used no more recently than 15 years ago).

Testimony adduced at the detention hearing also revealed that Defendant was pulled over in July 2022 regarding this felon-in-possession charge.  He was allowed to proceed without arrest but with a warning, despite having been found with an impermissible firearm and a distribution quantity – approximately 22 grams – of methamphetamine.  Testimony revealed that Defendant later attempted to provide more firearms to a bail bond company as collateral for a bond for another person.  A warrant was then issued for Defendant's arrest based on the July 2022 firearm possession incident.  When Defendant was arrested pursuant to this warrant in November 2022, he had more than 100 additional grams of methamphetamine in his possession.

Defendant's criminal record includes felony convictions for forgery of a financial instrument and possession of a controlled substance, as well as misdemeanor convictions for

assault causing bodily injury, theft of property (twice), possession of marijuana, and driving with an invalid license/. Defendant has had terms of probation revoked on two occasions.

The Court finds that Defendant does not present a significant flight risk, and believes that Defendant would appear as required for proceedings in this case. Defendant has longtime ties to the area, and there is no record of any failure to appear. But the Court finds by clear and convincing evidence that Defendant's release would pose a danger to the community. Defendant has been found on multiple occasions with very large quantities of methamphetamine. Although having been warned in July 2022 that he was not permitted to possess firearms, Defendant thereafter gained access to several more firearms and used them to seek a bail bond for another person. Defendant has demonstrated that he has unfettered access to both significant quantities of drugs and firearms, and the Court believes that Defendant's release would pose a danger to others or the community.

Having considered the factors specified in the Bail Reform Act, and having considered the evidence, the Court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of others or the community if Defendant were released on bond. The Court therefore declines to grant bond.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

SIGNED on November 28, 2022.

MITCHEL NEUROCK
United States Magistrate Judge